GEORGE THOMPSON *vs.* ETHAN B. KING and SARAH E. KING.

New Castle County, May Term, 1897.

**Sheriff's Sale. Mortgage.**—A sale of land under a *levari facias* will not be set aside solely because the improvements were not mentioned in the advertisement when that follows the description in the mortgage.

This was a rule to show cause why a sheriff's sale should not be set aside. The reason assigned was that the advertisement did not describe the improvements. It was admitted that the *levari facias* and the advertisement followed the description in the mortgage.

*Walter H. Hayes,* for the petitioner.

*George Lodge,* for the respondent.

LORE, C. J. The Court does not think that the mere failure to set forth in the advertisement the improvements, where the description in the *levari facias* follows the mortgage, is sufficient ground to set aside the sheriff's sale. The act of Assembly requiring such mention was repealed in 1879. The act of 1877 distinctly provided that the buildings and improvements must be designated. The Legislature saw fit to repeal this act. The necessity for such designation ended with that repeal.

CULLEN, J. I put it on a different basis. It is true there was a statutory enactment and that statutory enactment was repealed, yet I think there is a broader principle that underlies this. I can see the ground upon which the Chief Justice puts this, in the case of the mortgage, that the parties have bound themselves, because it is then considered as a matter between the mortgagee and mortgagor. I don't look upon it in that way. I think that when a property is advertised for sale, the public are interested as buyers, and of course when a man's property is sold he is entitled to all of the benefits which may arise from the property. For instance if a man looks over the properties sold or to be sold and wants one with buildings, he would say, " I don't want that ground," and thereby a great wrong or injustice may be done to the rights of the parties, because of the interest of the public. If a decision of that kind could be made by the Court, I take it it would do no harm and it might do a great deal of good. It's being a law, would do no harm. I can see no distinction as between the sale of property made under execution process, under which the sheriff goes and makes a levy upon the lands and describes those lands in the advertisements. He must according to our rule of Court, sufficiently identify the lands and specify the improvements. What is the object of that ? It is to inform the public, that is the case, I mean of a *fi. fa.* and levy upon land, issued upon a judgment. I can draw no distinction between that case and the case of a mortgage. In the mortgage it is a sufficient description of the property if it can be identified, but when it goes out as an advertisement to the public and there are no

descriptions of buildings and improvements, it is a very important item in the sale of the property, and therefore as far as the interest of the community is concerned, it does appear to me that the Court should extend the decision in this case. It could do no harm and it might do a great deal of good.

LORE, C. J. We do not think that in a case like this, where the property apparently brought all it was worth, at a fair sale, the sale should be set aside because the buildings were not mentioned. In this case the parties have agreed upon a description of the premises in the mortgage, and the advertisement follows that description. Prior to the Act of 1877, it was not thought necessary to describe improvements in a *levari facias*. The Act of 1877 provided that in a sale under a *levari facias*, such description should be in the advertisement. For some reason the Legislature repealed that Act after a trial of two years. My recollection is that it proved unsatisfactory in practice.

CULLEN, J.: I put the decision upon the broad ground that the public are interested to know what property is going to be sold.